IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02258-NRN

MIGUEL EDUARDO ANTANO RODRIGUEZ,

     Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility Processing Center,
TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security, and
TODD BLANCHE, Acting U.S. Attorney General,

     Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

     This case is before the Court on Miguel Eduardo Antano Rodriguez's ("Petitioner") Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 at 1. The main question before the court is whether Respondents' appeal to the Board of Immigration Appeals of the immigration judge's March 4, 2026 order granting Petitioner bond—which resulted in an automatic stay of the immigration judge's bond order and thus prolonged Petitioner's detention—is lawful.

     Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN PART** the Petition. In granting the petition, the Court presumes familiarity with the

parties' briefing, and this case's factual and procedural background. See ECF Nos. 1 and 7.

## BACKGROUND

Petitioner is s 34-year-old native and citizen of Mexico who entered the U.S. over 25 years ago and has established himself as a positive member in his community. Petitioner has three children; all three are U.S. citizens. Petitioner is also married to a U.S. citizen. ECF No. 1 ¶ 19. Petitioner was placed in removal proceedings on November 2, 2011, via a Notice to Appear ("NTA"). *Id.* ¶ 21. Petitioner encountered a Task Force Officer ("TFO") from the Laramie County Sheriff's Office on December 22, 2025, in Cheyenne, Wyoming when the TFO conducted a vehicle stop for a traffic violation. The TFO conducted a brief interview and determined that Petitioner did not have legal status in the United States and contacted Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 20. On March 4, 2026, Petitioner, with counsel, appeared at a custody redetermination hearing in immigration court. At this hearing, the immigration judge ("IJ") granted release from custody under bond of $5,000.00. *Id.* ¶ 22. The Department of Homeland Security ("DHS") appealed the decision of the IJ, and thereby invoked the automatic stay provision under 8 C.F.R. § 1003.19(i)(2), on March 4, 2026. *Id.* ¶ 23. Petitioner has remained in custody since. *Id.* Petitioner alleges (and Respondents agree) that DHS has argued that it properly detained Petitioner under 8 U.S.C. § 1225(b)(2) and, thus, the immigration judge lacked jurisdiction to order a bond. ECF No. 1-2 at 2.

2

**DISCUSSION**

This case asks whether an automatic stay provision violates Petitioner's due process rights, the INA, and the Administrative Procedures Act ("APA"). *See generally* ECF No. 1. The Court agrees with Petitioner that Respondents' invocation of the automatic stay under 8 C.F.R. § 1003.19 is unlawful. Numerous courts have persuasively reached the same conclusion, and the Court sees no reason to reach a contrary one here. *See, e.g.*, *Arana-Hernandez v. Baltasar*, No. 26-cv-00725-CNS, 2026 WL 696642 (D. Colo. Mar. 12, 2026); *Leal-Hernandez v. Noem*, 803 F. Supp. 3d 409, 428 (D. Md. 2025) ("Where Petitioner's detention is discretionary and subject to bond redetermination . . . and the IJ has exercised his discretion to issue bond . . . the automatic stay of 8 C.F.R. § 1003.19(i)(2) renders both the discretionary nature of Petitioner's detention and the IJ's authority a nullity."); *Maza v. Hyde*, 807 F. Supp. 3d 42, 51 (D. Mass. 2025) ("Because the automatic stay regulation enables DHS to usurp the Immigration Judge's role in making detention and bond determinations, it exceeds the Congressional limit on the Attorney General's authority to delegate a statutory function."); *Jacinto v. Trump*, 796 F. Supp. 3d 584, 592 (D. Neb. 2025). Respondents fail to persuade otherwise. *See generally* ECF No. 7.

Indeed, citing to *Arana-Hernandez*, Respondents acknowledge that another court in this District "has previously rejected Respondents' arguments." *Id.* at 3. Respondents further concede,

> Respondents acknowledge that this Court's prior ruling would lead the Court to reach the same result here, as the facts of this case are not materially distinguishable from that prior case for purposes of whether the automatic stay provision of 8 C.F.R. § 1003.19(i)(2) is constitutional and whether Petitioner can challenge the statutory basis for his detention.

3

*Id.* at 4. As Judge Julie R. Rubin wrote in *Leal-Hernandez*, the Court

> discerns no significant (or any) governmental interest in continuing to hold Petitioner in custody inasmuch as [the immigration judge] was satisfied that Petitioner did not pose a flight or public safety risk such that he should not be released on bond. Inasmuch as the Government appears to have undertaken no evaluation of Petitioner's case . . . before invoking the automatic stay, the court has no earthly idea what governmental interest could be served by Petitioner's continued detention should he satisfy the bond order.

*Leal-Hernandez*, 803 F. Supp. 3d at 427.[1]

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 10. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED IN PART** as follows,

1. Petitioner shall be released from custody subject to, and in accordance with, the terms and conditions, including bond conditions, imposed by the immigration judge in the March 4, 2026 order;

---

[1] Because the Court finds that the automatic stay violates Petitioner's due process rights, the Court does not reach Petitioner's additional arguments under the Administrative Procedures Act. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

4

2. Respondents shall not impose any conditions beyond those imposed by the immigration judge in the March 4, 2026 order;

3. Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

4. Respondents shall file a status report within five (5) days of this order stating whether Petitioner has been released on bond.

Dated at Denver, Colorado this 5th Day of June 2026

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge